UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JARRAY WHITE,

Plaintiff,

v.

MICHAEL ALLEN, *et al.*,

Defendants.

Case No. C14-1126RSL

ORDER GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendants' motion for summary judgment. Dkt. # 12. Having reviewed the memoranda and exhibits submitted by the parties, and having heard the arguments presented at the April 30, 2015 hearing on this matter, the Court finds as follows.

In this civil rights action brought under 28 U.S.C. § 1983, plaintiff alleges that the named defendants, all corrections officers with the King County Department of Adult and Juvenile Detention ("DAJD"),[1] used excessive force on him following a fight between plaintiff and fellow inmate Scott Jones on April 18, 2012 at the King County Correctional Facility ("KCCF") in Seattle. Dkt. # 12 at 1; Dkt. # 20 (Pl. Opp.) at 1. Plaintiff also alleges that defendants and "other King County employees" failed to provide adequate medical attention for injuries that plaintiff sustained during this incident. Dkt. # 20 at 1. Plaintiff originally brought this action

[1] Major Todd Clark ("Clark"), Sergeant Michael Allen ("Allen"), and Corrections Officers David DeMoss, Jeremy Keisler and Randall Cross.

against the officers' wives and multiple "John Doe" and "Jane Doe" defendants; however, plaintiff has conceded that defendant Todd Clark, the officers' wives, and the "Doe" defendants should be dismissed, and they are all dismissed with prejudice.

The Court finds that plaintiff has admitted to all of the requests for admissions ("RFAs") to which plaintiff failed to respond, Dkt. # 13-1 (Kolde Decl. Exh. A); except for defendants' RFA that officers used lawful force against him, as this RFA called for a legal conclusion.

The Court grants defendants summary judgment on all of plaintiff's federal and state law claims with the exception of plaintiff's excessive force claim arising under the Eighth Amendment. The Eighth Amendment prohibits prison officials from using "excessive physical force against prisoners." Farmer v. Brennan, 511 U.S. 825, 832 (1994). When a prisoner brings an Eighth Amendment excessive force claim, the "core judicial inquiry" is whether defendants applied force "in a good-faith effort to maintain or restore discipline," or "maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also Whitley v. Albers, 475 U.S. 312, 319, (1986) (requiring plaintiff to prove "the unnecessary and wanton infliction of pain"). While this is a very close call, plaintiff's version of the facts creates a triable issue under this standard, as he claims: (a) that the fight had clearly ended when officers attacked him from behind and put all of their weight on him (ultimately injuring his hand); (b) that officers did not give plaintiff the opportunity to comply with their orders to submit before attacking him; (c) that officers elbowed plaintiff despite him not resisting; and (d) that the ranking officer on the scene (defendant Allen) told plaintiff when he complained, "that's what you get when you fight in my jail." Dkt. # 21 (White Decl.). The remaining defendants are not entitled to qualified immunity, as the Hudson standard was well-established at the time of the incident, see Martinez v. Stanford, 323 F.3d 1178, 1184 (9th Cir. 2003); and an officer in defendants' position would not have reasonably believed that the conduct alleged by plaintiff was a good-faith effort to maintain or restore discipline.

For all of the foregoing reasons, the Court GRANTS IN PART defendants' motion for summary judgment. Dkt. # 12. Defendants Todd Clark, Jane Doe Clark, John Does 1-3, Jane Does 1-3, and the wives of the remaining officers are DISMISSED from this action. Defendants are entitled to summary judgment on all of plaintiff's claims except for his excessive force claim arising under the Eighth Amendment, which may proceed to trial.

DATED this 30th day of April, 2015.

Robert S. Lasnik
United States District Judge